UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Reinaldo Espinosa and**
**Ivonne Espinosa,**

    **Plaintiffs,**

                                     **Case Number:**

**v.**
**QDI 1 LLC dba RAMADA INN,**
    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiffs, were employees of Defendant's, and bring this action for unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiffs worked as manual laborers for Defendant and performed related, non-exempt activities for Defendant in Seminole and Orange County, Florida.

3. Plaintiffs were not paid overtime for all of the hours he worked beyond 40 in a single workweek.

4. Plaintiffs were engaged by Defendant to work as laborers during the three (3) years prior to the initiation of this lawsuit.

5. Plaintiff Reinaldo Espinosa was hired as a manual laborer and worked in the laundry department where he earned an hourly wage of $8.50.

6. Plaintiff Ivonne Espinosa was hired as a housekeeper and earned an hourly wage of $8.50 per hour.

7. Plaintiffs were paid an hourly wage and did not receive a salary. Plaintiffs were not subject to any exemptions under the FLSA.

8. Defendant owns and operates a "Ramada Inn Near Convention Center."

9. Defendant habitually engaged in an illegal policy of requiring Plaintiffs to work more than 40 hours in a single workweek while not allowing them to properly record all of his hours worked.

10. Defendant also engaged in the illegal practice known as "time-shaving." Defendant acted by and through Plaintiffs' manager and removed and/or adjusted Plaintiff's timesheets in an effort to record less than all hours worked by Plaintiff.

11. Defendant engaged in time-shaving throughout the entirety of Plaintiffs' employment. Defendant's illegal time-shaving practice affected each week of Plaintiffs' employment.

12. Plaintiffs routinely worked more than 40 hours in a single workweek. However, many of Plaintiffs' working hours were not properly recorded or removed from Plaintiffs' timesheets by Defendant.

13. Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

14. As a result, Plaintiffs often performed work for which they were not compensated. Many of Plaintiffs' hours were not recorded, therefore Plaintiffs neither received their regular rate nor their premium, overtime rate for all hours worked.

15. Plaintiffs worked for Defendant in Orange County, Florida.

16. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiffs proper wages, though Plaintiffs habitually worked up to 45 hours a week or more since her hire.

17. Plaintiffs were not always paid time and a half for all hours worked over forty in any given week.

18. As of this date, Plaintiffs still have not been paid the entirety of their wages and have not been compensated for the full extent of his damages and wage loss under the FLSA.

19. It is believed that there are similarly situated employees who were also not paid the full extent of their overtime at the correct rate of pay and who were also subject to the exact same unlawful pay practices, i.e. requiring employees to perform manual labor without being compensated at the proper rate.

20. Plaintiffs seek full compensation, including liquidated damages because Defendant's conduct in adjusting/removing Plaintiffs hours on their timesheets and forcing them to work off the clock, was a calculated attempt to extract more additional work out of Plaintiffs for Defendant's exclusive benefit.

21. Defendant is a for profit corporation that operates and conducts business in, among others, Orange County, Florida, and is therefore, within the jurisdiction of the Court.

22. Defendant, at all relevant times to this complaint, was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).  Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the hotel industry as Defendant operates as "Ramada Inn Near Convention Center" dealing with interstate customers and using computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to cater to tourist from out of state.

23. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

24. The Court has jurisdiction over Plaintiffs' claims as all material events transpired in Orange County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

25. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the real estate industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

26. At all material times relevant to this action, Plaintiffs in their capacities as employees were individually covered by the FLSA. This would include to doing hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiffs did not implement legal compliance measures.

27. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during their employment. Plaintiffs worked over 40 hours per nearly every week during their employment with Defendant. The off the clock work that Plaintiffs were directed to do was intentional and was designed to extract additional hours of labor out of Plaintiffs for the benefit of the Defendant, who then refused to pay

Plaintiffs and those similarly situated premium wages.  Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiffs with providing even greater specificity regarding the precise weeks that Plaintiffs worked more than 40 hours.  Plaintiffs allege that they routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

28.  Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

29.  Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-28, above.

30.  Plaintiffs are/were entitled to be paid their regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty in a single week.  During their employment with Defendant, Plaintiffs regularly worked more than 40 hours in a single week.

31. Plaintiffs were not paid at the correct rate of pay for hours worked over 40 in a single week.  Plaintiffs routinely performed labor, at Defendant's specific request for the sole benefit of Defendant and were not paid for the hours he worked.

32.  As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs their correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

33.  As a result of Defendant's willful violation of the FLSA, Plaintiff are entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

5

## COUNT II – RECOVERY OF MINIMUM WAGES

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

35. Plaintiffs were employed by Defendant and were, at all times, protected by the FLSA.

36. Plaintiffs were entitled to receive at least minimum wage for all hours worked for Defendant.

37. Defendant engaged in an illegal policy of not paying Plaintiffs at least minimum wage for all hours worked.

38. Plaintiff often earned significantly less than minimum wage for all hours worked.

39. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages.

40. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 24th day of October, 2018,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com