IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REINALDO ESPINOSA and IVONNE ESPINOSA,

    Plaintiffs,

v.

QDI 1 LLC dba RAMADA INN,

    Defendant.

_____/

Case No. 6:18-cv-01801-PGB-TBS

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiffs Reinaldo Espinosa and Ivonne Espinosa (collectively, "Plaintiffs") and Defendant QDI 1 LLC d/b/a Ramada Orlando Near Convention Center ("Defendant"). Plaintiffs and Defendant are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Claims.** Plaintiffs filed a Complaint in the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:18-cv-01801-PGB-TBS, alleging unpaid wages under the Fair Labor Standards Act ("FLSA"). The Parties disagree as to whether or not Plaintiffs have any viable claim. However, the Parties desire to fully and finally resolve this litigation.

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3. **Monetary Consideration**. As resolution to this matter, Defendant has agreed to pay Plaintiffs within 14 days of the latest of: (1) Defendant's receipt of W-9's executed by Plaintiffs and their attorney; (2) this agreement executed by Plaintiffs and delivered to Defendant; and (3) Court's approval of this Agreement:

    (a) One settlement check in the gross amount of FOUR HUNDRED AND FIFTY FOUR DOLLARS AND NO CENTS ($454.00) made payable to Plaintiff Reinaldo Espinosa for unpaid wages, minus applicable withholdings;

    (b) One settlement check in the gross amount of FOUR HUNDRED AND FIFTY FOUR DOLLARS AND NO CENTS ($454.00) made payable to Plaintiff Reinaldo Espinosa for liquidated damages, with no withholdings;

# EXHIBIT A

(c) One settlement check in the gross amount of FIFTY DOLLARS AND NO CENTS ($50.00) made payable to Plaintiff Ivonne Espinosa for unpaid wages, minus applicable withholdings;

(d) One settlement check in the gross amount of FIFTY DOLLARS AND NO CENTS ($50.00) made payable to Plaintiff Ivonne Espinosa for liquidated damages, with no withholdings;

(e) One check in the amount of THREE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($3,500) made payable to Lee Law, PLLC for attorney's fees and costs. The Parties agree that the portion of the settlement sum attributable to attorney's fees and costs was negotiated separately from and without regard to the amounts Plaintiffs sought for unpaid wages.

By accepting the above-referenced sums, Plaintiffs acknowledge and agree that they have now been paid for all hours worked and all alleged overtime hours worked during their employment with Defendant and agree that Defendant does not owe them any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiffs further acknowledge and agree that they have been paid all wages (including overtime compensation) due to them from Defendant for any reason. Finally, Plaintiffs specifically agree that the above payment represents full compensation for the FLSA claims asserted in their lawsuit and any claim Plaintiffs may have had under the FLSA is now moot.

4.   **Waiver and Release of FLSA Claims**. Plaintiffs hereby release, on their own behalf and on behalf of anyone who could claim by or through them, Defendant, of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiffs' employment with Defendant.

5.   **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit, presently pending in the United States District Court for the Middle District of Florida, upon the effective date of this Agreement. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and entitled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void and Defendant shall be entitled to return by Plaintiffs of any and all sums paid by Defendant hereunder.

6.   **Tax Payment.** Plaintiffs and their counsel shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiffs agree and affirm that they are not relying on any representation made by Defendant concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that they may be required to pay as a result of the payment(s). Plaintiffs agree that they will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiffs agree to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs under the terms of this Agreement.

This section does not modify Defendant's responsibility with respect to legally required wage withholdings, including those identified in Paragraph No. 3.

7. **Transfer of Claims**. Plaintiffs represent and warrant that Plaintiffs have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiffs agree to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiffs further warrant that there is nothing that would prohibit Plaintiffs from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiffs agree to expeditiously work with Defendant on drafting an agreement acceptable to both parties and the Court.

9. **Consideration and Acceptance of Agreement.** Plaintiffs acknowledge that they have read the entire Agreement and specifically acknowledge the following: Plaintiffs understand the language of the Agreement, and any questions they may have had during review of the Agreement has been explained to their satisfaction and understanding. Plaintiffs understand that they are not waiving any rights or claims which may arise after the date the Agreement is executed. Plaintiffs have been advised and are again advised herein to consult with an attorney and/or other professional of their own choosing and have consulted with or had the opportunity to consult with legal counsel and other persons of their own choosing regarding this matter prior to the execution of the Agreement.

10. **Breach**. The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

11. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiffs and Defendant prior to the Court's approval of this agreement.

12. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

13. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiffs and Defendant hereby waive any pleas of jurisdiction or venue as not being residents of Orange County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Orange County, Florida.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_Reinaldo Espinosa_
Reinaldo Espinosa

Date: 1/9/19

Ivonne Espinosa  _Ivonne Espinosa_

Date: 1/9/19

QDI 1 LLC d/b/a Ramada Orlando Near Convention Center

By: _[signature]_   Date: 1/10/2019

Its: MANAGER

WSACTIVELLP:10294433.1