UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REINALDO ESPINOSA and IVONNE ESPINOSA,

    Plaintiffs,

v.                                                             Case No:   6:18-cv-1801-Orl-40TBS

QDI 1 LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court in this Fair Labor Standards Act case is the parties' Renewed Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice (Doc. 25). Upon due consideration, I respectfully recommend that the motion be **GRANTED,** and the settlement agreement be **approved.**

### Background

Plaintiffs worked as manual laborers for Defendant, a limited liability company that owns and operates a Ramada Inn (Doc. 1, ¶¶ 2, 8).[1] They filed this action on October 24, 2018, seeking unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees and costs, all under the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") (Doc. 1). After the complaint was filed, Defendant sought and received two extensions of time to respond (Docs. 16, 18). The parties used this time to engage in settlement discussions and, after discussing the facts and circumstances of Plaintiffs' employment and sharing information, they reached a settlement (Doc. 22 at 2) and

---

[1] Reinaldo Espinosa worked in the laundry department at $8.50 per hour. Ivonne Espinosa was a housekeeper and earned $8.50 per hour. (Doc. 1, ¶¶ 5,6).

sought court approval (Doc. 22). On review, I identified certain deficiencies and recommended that the settlement be rejected, with leave to correct or clarify the agreement to address my concerns (Doc. 23). The District Court adopted my recommendation (Doc. 24) and the parties have now amended their agreement and renewed their motion (Doc. 25).

## Discussion

*Legal Standard*

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiffs' FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has said that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

*Analysis*

In the usual course, the Court evaluates a settlement by contrasting it with the claim. This case settled before an answer was filed and without Plaintiff having answered the Court's standard interrogatories in FLSA cases. So, I have relied instead on the description provided by the parties: Mr. Espinosa claims to be owed $1,007.98 comprised of $476.98 in unpaid overtime and $531.00 for lunch breaks he did not take (Doc. 25 ¶ 2). 31). Ms. Espinosa claimed $156.19 consisting of $38.04 in overtime and $118.15 for twelve hours of deducted meal breaks (Id., ¶ 3). Defendant has agreed to pay Mr. Espinosa $454.00 in wages and $454.00 in liquidated damages (Id., ¶ 4). Defendant has agreed to pay Ms. Espinosa $50.00 in wages and $50.00 in liquidated damages (Id.).

In my original Report and Recommendation, I identified three major issues with the settlement agreement: (1) the lack of a sufficient explanation of the compromise; (2) the inappropriateness of a broad release; and (3) inconsistency regarding the tax treatment of the settlement payments.[2] The parties have now addressed these concerns. The parties explain that the claims involved a dispute over whether the overtime premium was paid and whether management deducted lunch breaks which were not, in fact, taken. In the current version of the parties' settlement agreement (Doc. 25-1), they have eliminated the

---

[2] This Report incorporates the extensive analysis of the law set forth in the previous Report.

- 4 -

troubling language from paragraph 10 of Doc. 22-1;[3] clarified that the settlement only releases the Defendant; eliminated paragraph 15 of Doc. 22-1;[4] and clarified the tax language in paragraphs 3 and 6 of Doc. 22-1. As amended, and considering the strength of Defendant's claimed defenses, I find this compromise to be a fair and reasonable resolution of a disputed FLSA claim.

The amount attorney's fees and costs to be paid to Plaintiffs' lawyer ($3,000.00), is reasonable and the parties represent that it was separately formulated (Doc. 25, ¶¶ 6-7). Accordingly, the Court need not review it. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

Now, I respectfully recommend that the settlement agreement be **APPROVED.**

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED;** the amended Settlement Agreement be **approved;** and the case be **dismissed, with prejudice**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

---

[3] The Agreement included a section which stated that neither Plaintiff would be considered a prevailing party "for any purpose" (Doc. 22-1, ¶ 10).

[4] This provision purported to waive Plaintiffs' right to a jury trial resulting from or involving the enforcement of the Agreement or any other action related to Plaintiffs' employment with Defendant.

If the parties agree with this Report and Recommendation they may expedite its approval by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 15, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record